# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH ANORUO,

        Plaintiff(s),

vs.

VALLEY HEALTH SYSTEM, LLC,

        Defendant(s).

Case No. 2:18-cv-00105-MMD-NJK

**ORDER**

(Docket No. 26)

    Pending before the Court is Plaintiff's motion for a protective order. Docket No. 26. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's replies.[1] Docket Nos. 26, 29, 30, 32. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Plaintiff's motion. Docket No. 26.

**I.**    **Background**

    The instant case involves a wrongful termination claim against Defendant. *See generally* Docket No. 1-2. In the instant motion, Plaintiff seeks a protective order to: (1) bar all further proceedings; (2)

---

[1] Plaintiff filed two replies; the first on March 19, 2018, and the second on March 26, 2018. Docket Nos. 30, 32. Given that both filings were within the deadline to file a reply, and given Plaintiff's status as a *pro se* litigant, the Court considers both filings in its determination of the instant motion. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (discussing the Court's obligation to construe documents filed by a *pro se* litigant liberally).

vacate the early neutral evaluation;[2] (3) vacate various discovery requests that have been served on Plaintiff and a non-party; (4) prevent the disclosure of "unnecessary private and confidential documents;" and (5) prevent Defendant from serving further discovery requests "at the same time." Docket No. 26 at 1-5.

## II. Standards

### A. Discovery

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

//
//
//
//

---

[2] Plaintiff's motion violates Local Rule 2-2(b) in that it seeks various forms of relief, *inter alia*, an order to vacate the early neutral evaluation that was set for April 5, 2018. Docket No. 26 at 1; *see also* Docket No. 19. Local Rule 2-2(b) requires that, "[f]or each type of relief requested or purpose of the document, a separate document must be filed." This requirement prevents arguments from becoming intertwined with each other and facilitates the Court's determination of each argument in accordance with the Local Rules. *See Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. LEXIS 132101, at *3 (D. Nev. Aug. 18, 2017). Moreover, only "[t]he evaluating magistrate judge has final authority to grant or deny any motion requesting exemption from the [early neutral evaluation] program..." Local Rule 16-6(c). Therefore, the instant order does not address Plaintiff's request regarding the early neutral evaluation before Magistrate Judge Leen. *See* Docket No. 34.

B. Stay of Discovery

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

**III. Analysis**

The Court construes Plaintiff's motion for a protective order as a motion to stay discovery.[3] Although Plaintiff asks the Court to issue a protective order, his request is broad and he submits generally that he is "forbidding disclosure or discovery until jurisdiction of the court is resolved."[4] Docket No. 32 at 4. Therefore, his argument is more akin to a total stay of discovery, in that Plaintiff requests a complete cessation of discovery, as opposed to protection from certain discovery requests. Indeed, a stay of discovery may be construed as a form of a protective order. *See e.g.*, *Kimble v. Specialized Loan Servicing, LLC*, 2018 U.S. Dist. LEXIS 59231, at *25-26 (S.D. Cal. April 6, 2018) (ruling on the defendant's motion for a protective order, which requested a stay of discovery); *Lopez v. Suhr*, 2016 U.S. Dist. LEXIS 55694, *16-17 (N.D. Cal. April 26, 2016) (requiring the defendant to show "'good cause' under the protective order provision of Rule 26(c)" in seeking a stay of discovery); *Tiwari v. NBC Universal, Inc.*, 2011 U.S. Dist. LEXIS 123362, at *43-44 (N.D. Cal. Oct. 25, 2011) (construing a motion for a protective order as a request to stay of discovery); *Ameritel Inns v. Moffat Bros. Plastering, L.C.*, 2007 U.S. Dist. LEXIS 44900, at *10-11 (D. Idaho June 20, 2007) (asserting the authority to impose a stay of discovery by issuing a

---

[3] Documents filed by *pro se* litigants must be liberally construed. *See Hebbe*, 627 F.3d at 342 & n.7.

[4] The mere fact that Plaintiff filed the instant motion does not itself impose a stay of discovery. *See Nelsen v. Konami Gaming, Inc.*, 2017 U.S. Dist. LEXIS 203509, at *3 (D. Nev. Dec. 11, 2017).

protective order); *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. Sept. 25, 1995) (analyzing a motion for a protective order under the "heavy burden" standard of a request to stay discovery).

Plaintiff asks the Court to stay discovery pending resolution of his motion to remand, amend, and extend time to answer Defendant's motion to dismiss. Docket No. 26 at 1; *see also* Docket No. 11. Plaintiff further submits that recent activity in the instant case has caused him "an insurmountable burden," and that responding to the discovery requests will impose additional expenses. Docket No. 26 at 16-17. Additionally, Plaintiff submits that "he presented almost all the requested documents to the defendant as attached to the complaint as exhibits" during the employer-mandated dispute resolution process and, therefore, that the discovery requests at issue are duplicative or obtainable from another source that is more convenient, less burdensome, or less expensive. *Id.* at 14, 18.

In response, Defendant submits that Plaintiff failed to meet and confer prior to filing the instant motion,[5] fails to attach a declaration regarding the meet and confer, and fails to include the full text of the discovery to be covered by the protective order, pursuant to Local Rule 26-7. Docket No. 29 at 3. Defendant further submits that Plaintiff fails to meet the standards for a protective order under Fed.R.Civ.P. 26(c) because: (1) some of the discovery for which Plaintiff requests a protective order does not require a response from Plaintiff; (2) Defendant is permitted to serve multiple discovery requests simultaneously under the Federal Rules of Civil Procedure; (3) Plaintiff fails to identify to which specific discovery requests he objects; and (4) Plaintiff merely repeats his arguments from his motion to stay the case. *Id.* at 7. Additionally, Defendant requests attorneys' fees incurred in responding to the instant motion pursuant to Fed.R.Civ.P. 37(a)(5). *Id.* at 7-8.

In reply, Plaintiff submits that he engaged in a meet and confer with Defendant on February 23, 2018, during which he notified Defendant of his intention to file the instant motion. Docket Nos. 30 at 2, 32 at 3. Additionally, Plaintiff cites to *Williams v. Gold Coast Hotel & Casino* (2012 U.S. Dist. LEXIS 64182, at *2-4 (D. Nev. May 8, 2012)) to support his argument that the Court does not have jurisdiction

---

[5] Defendant submits that, although the parties did meet and confer on February 23, 2018, it was "to discuss the proposed stipulated discovery plan and scheduling order...[but they] did not specifically meet and confer on any of the interrogatories or requests for production of documents...," to which Plaintiff objects. Docket No. 29 at 3.

4

1  to "order discovery" because Defendant "moved for a motion to dismiss under Rule 12(b)(1) and 12(b)(6)"
2  and, therefore, a stay is warranted. Docket No. 32 at 7 (internal citation omitted). Plaintiff further submits
3  that interrogatories 12-19 are "an unwarranted invasion of personal privacy pursuant to" the Freedom of
4  Information Act, which applies to Defendant because it "receives public funding and should be treated like
5  the state in FOIA enforcement," and to Plaintiff because Plaintiff is "a civil or public servant" by virtue of
6  previously working for Defendant. *Id.* at 9. Lastly, Plaintiff submits that Defendant is not entitled to
7  attorneys' fees because he made a good faith effort "for the defendant to agree to stay discovery and [it]
8  refused." *Id.* at 11.

The Court finds that a stay of discovery is not appropriate in this case. The motion fails to satisfy the applicable standards for staying discovery. *See infra* Section II(B). More significantly, a motion to remand is not sufficient grounds to grant a stay of discovery. In determining whether a stay of discovery is warranted, a court also considers the expenses required to conduct discovery. Indeed, Plaintiff asks the Court for a stay, *inter alia*, to preserve the Court's and the parties' resources and to prevent "duplicative action in both state and federal court." Docket No. 26 at 6, 17. However, even if the motion to remand is granted, "that will not render any discovery conducted moot or otherwise result in a waste of the parties' resources." *Cooks-Putnam v. Trump Las Vegas Corp.*, 2015 U.S. Dist. LEXIS 115606, at *3 (D. Nev. Aug. 31, 2015). "This action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision." *Grammer v. Colo. Hosp. Ass'n Shared Servs.*, 2015 U.S. Dist Lexis 83966, *5 (D. Nev. June 26, 2015).

//
//
//
//
//
//
//
//
//

## IV. Conclusion

Accordingly, the Court finds that a stay of discovery is not warranted and **DENIES** Plaintiff's motion. Docket No. 26. The Court further finds that attorneys' fees are inappropriate under the specific circumstances of this motion and **DENIES** Defendant's request. Docket No. 29 at 7-8.

IT IS SO ORDERED.

Dated: April 13, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE