UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH ANORUO,<br><br>                 Plaintiff,<br>   v.<br>VALLEY HEALTH SYSTEM, LLC,<br><br>                 Defendant. | Case No. 2:18-cv-00105-MMD-NJK<br><br>ORDER |

      Before the court is Pro Se Plaintiff's Motion to Show Cause (ECF No. 36) which is actually a response to this court's Order to Show Cause (ECF No. 34) entered April 9, 2018.

      The Complaint in this case filed in state court and removed January 19, 2018. It is an employment and civil rights action arising out of plaintiff's employment and eventual termination. Plaintiff has asserted claims for national origin discrimination; FMLA interference and retaliation; breach of contract; breach of the implied covenant of good faith and fair dealing; wrongful termination; and violation of the Fourteenth Amendment to the United States Constitution.

      Pursuant to LR 16-6, the case was automatically assigned to the court's Early Neutral Evaluation ("ENE") program on January 19, 2018, the date the matter was removed. The court's ENE program automatically refers employment cases for ENE's to a different magistrate judge than the one assigned to the case. This is done to allow the parties and the assigned ENE judge to have frank discussions about the strength and weaknesses of the parties' claims and defenses in a setting in which the parties are not worried about how the assigned judges react to the parties' positions.

      On January 29, 2018, the court entered an Order (ECF No. 8) scheduling an ENE session for March 28, 2018, at 9:30 a.m. On February 9, 2018, the defendant filed a Motion to Continue the ENE (ECF No. 9). Plaintiff did not file a timely response to the motion and the court entered

an Order (ECF No. 13) granting the request after the time for filing a response had expired. The Order (ECF No. 13) vacated the March 28, 2018 ENE and continued it to April 5, 2018 at 1:30 p.m. Two days after the order was entered, plaintiff filed a document entitled "Pro Se Plaintiff's Opposition to Notice of Non-Opposition, a Response to Defendant's Motion to Reschedule Early Neutral Evaluation, Alternatively, a Motion to Strike Notice of Non-Opposition" (ECF No. 17). This filing addressed multiple motions on file and the filing indicated that plaintiff received notice of defendant's motion to reschedule the ENE on February 16, 2018 "which he has already responded to." It would appear that plaintiff believed he responded to the motion to reschedule the ENE by filing Docket No. 11 on February 13, 2018. That filing was entitled "Pro Se Plaintiff's Motion to Amend, Stay and Remand Civil Action to the 8th Judicial District Court, Alternatively, to Allow Enlargement of Time to File a Response to Defendant's Motion to Dismiss." Docket No 11 did not mention the scheduled early neutral evaluation. Rather, it asked that the court allow him "to amend complaint, stay and or enlarge time and remand" the case to state court.

Plaintiff also filed an Ex Parte Motion to Vacate & Stay Discovery and in the Alternative to Vacate Reschedule Early Neutral Evaluation Order & Session (ECF No. 28) on March 16, 2018. Judge Koppe, the Magistrate Judge assigned to this case, denied plaintiff's ex parte motion to stay discovery or vacate the early neutral evaluation in an Order (ECF No. 31) entered March 19, 2018.

Plaintiff did not appear for the April 5, 2018 ENE. The court therefore entered an order to show cause why sanctions in the form of assessing plaintiff $350 for one hour of attorney's fees incurred by defendant for appearing at the ENE should not be imposed. Plaintiff's response to the order to show cause represents that his failure to attend was not deliberate, but due to confusion in the order of March 19, 2018 "and compounded with plaintiff's other engagements." In his response to the order to show cause, the plaintiff also states that he "believed that the early Neutral Evaluation was stayed pending the determination of motion to Amend, remand, stay proceeding including ENE and protective order," based on Judge Koppe's March 19, 2018 order. The court cannot discern how plaintiff reached this conclusion.

The response to the order to show cause focuses on a sentence in the March 19, 2018 order that the states "Plaintiff's motion requests relief that plaintiff has already requested in a motion

currently pending before the court." The order referred to Docket No. 26. Docket No 26 is plaintiff's motion for protective order which was filed ex parte and sought protection from discovery of information believed was private and confidential. The motion also asked that the court vacate the order rescheduling the ENE. However, order is quite clear. Judge Koppe found the ex parte motion to stay discovery and vacate the ENE was defective for numerous reasons which she outlined in the order. The order also explicitly denied the motion: "Plaintiff's motion is hereby **DENIED**." A motion to stay does not stay proceedings in a case unless and until the motion to stay is granted. Plaintiff's ex parte motion to stay and postpone the ENE was denied on March 19, 2018, well in advance of the rescheduled April 5, 2018 ENE.

Plaintiff's response to the order to show cause also states that he believes discovery should not be allowed until a threshold question of qualified immunity is resolved by the court. However, qualified immunity is a *defense* that may be raised by *state actors*. The defendants in this case are private entities, and nothing in the court's review of the docket indicates that a qualified immunity defense has been asserted. Judge Koppe entered a Discovery Plan and Scheduling Order (ECF No. 19) on February 27, 2018 pursuant to the provisions of LR 26-1. Judge Koppe's order provided "to the extent Plaintiff wishes to stay discovery pending resolution of his motion to remand at Docket No. 11, he must file a proper request seeking that relief." As indicated on March 16, 2018, plaintiff filed an ex parte motion to vacate the ENE and stay discovery. However, that motion was explicitly denied in an Order (ECF No. 31) entered March 19, 2018.

Plaintiff response to the order to show cause also states that he did not consent to any magistrate deciding any matter in this case and believes "that my rights are not protected so far in this case with its discovery abuses." This case was randomly assigned to a district judge and a magistrate judge pursuant to the practices and procedures of the court. United States Magistrate Judges exercise duties under 28 U.S.C. § 636(a) & (b), and the Local Rules of Practice. Those duties include conducting early neutral evaluations. As indicated pursuant to LR 16-6, early neutral evaluations are automatically referred to a different magistrate judge than the one assigned to the case. The magistrate judge assigned to this case, Judge Koppe, is authorized to perform duties in civil cases pursuant to 28 U.S.C. § 636(a), LR IB 1-1 and LR IB 1-7. These duties include

exercising general jurisdiction of civil and criminal calendars, conducting pretrial conferences, settlement conferences, ENEs, hearings, and related proceedings in civil and criminal cases. Magistrate judges typically address scheduling, case management and discovery issues, and decide non-dispositive motions in civil cases. These types of matters are automatically referred to the assigned magistrate judge for decision by the court's Case Management/Electronic Filing System. Mr. Anoruo's case will be finally resolved by the district judge, who is an Article III judge. However, the assigned magistrate judge will decide matters referred to her pursuant to statutory authorization and the Local Rules of Practice. Mr. Anoruo's consent is not required as a matter of law.

Plaintiff also objects to defendant's request for $350/hr. for one hour of attorney's fees incurred by the defendant for appearing at an ENE at which plaintiff did not appear. Plaintiff states that he believes the $350 rate "is overly expenses" and "will demand cost analysis and would be based on the fees authorized by this court based on fairness, equity and justice should this court award such fees." He goes on to state that he "will responded appropriately later due to time constraint." His time to respond to the order to show cause expired April 23, 2018. Nevertheless, the court considered his untimely response. No further response has been filed to date and no further response will be allowed.

Having reviewed and considered the plaintiff's response to the order to show cause, the court finds that plaintiff's interpretation of Judge Koppe's March 19, 2018 order denying his motion to stay the ENE is an unreasonable one. The motion was explicitly denied. The court will therefore award $350 as a sanction for one hour of attorney's fees incurred by defendant for appearing at an ENE at which the plaintiff did not appear. Although the plaintiff objects to the hourly rate, it is well within the hourly rate approved by the court for lawyers performing work of this nature for an attorney of Ms. Krincek's caliber. Wendy Krinccek appeared with her client representative, Wayne Cassard, the Director of Human Relations as ordered. Ms. Krincek is a very experienced lawyer who specializes in the field of employment law. She has appeared before this court for more than 10 years, and the court is familiar with her professionalism and competence.

Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum. *See*, *e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding reasonable hourly rate in community of Nevada to be $375–$400 for partner with over thirty-five years of experience); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710 (D. Nev. Oct. 30, 2013) (finding $300 per partner hour and $260 per associate hour reasonable); *Stephens Media LLC v. Citihealth, LLC*, 2013 WL 4045926 (D. Nev. Aug. 7, 2013) (finding rates between $400 and $185 to be reasonable); *In re USA Commercial Mortg. Co.*, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable and $275 to $775 to be unreasonable); *Cervantes v. Emerald Cascade Restaurant Sys., Inc.*, 2013 WL 3878692 (D. Nev. July 25, 2013) (finding $450 to be excessive and reducing it to $275); *Plaza Bank v. Alan Green Family Trust*, 2013 U.S. Dist. LEXIS 58657 (D. Nev. April 24, 2013) (finding $425–$475 for partner time reasonable, but $275-$375 for associate time to be excessive based on the prevailing market rate and adjusting the amount to $250–$325); *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012) (finding $400 reasonable for a partner in a firm that concentrates on complex intellectual property litigation).

The court finds Ms. Krincek's hourly rate of $350 to be reasonable based on her experience, skill, specialized area of expertise in employment law and professional competence. One hour of her time is awarded as a sanction against the plaintiff for the unnecessary cost defendants incurred preparing for and attending an ENE at which plaintiff chose not to appear in violation of this court's order. No sanction will be imposed for wasting the court's time and resources in scheduling, preparing for, and setting aside the time to conduct the ENE. However, Mr. Anoruo is reminded of the warning he received in the order to show cause that failure to comply with applicable court rules, governing law, and the court's orders may result in sanctions up to and including case ending sanctions such as dismissal of his lawsuit. The court fully appreciates that it is difficult for an individual representing himself to prosecute a lawsuit, and that litigation demands are often time consuming and inconvenient. However, having elected to file this lawsuit

Mr. Anoruo is obligated to learn about and comply with his legal obligations, and comply with this court's orders.

Finally, the court will not reschedule the ENE this late into the litigation. Pursuant to the court's discovery plan and scheduling order, the discovery cutoff is currently July 18, 2018. The purpose of the early neutral evaluation program is for the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses during the initial stages of the case in an effort to resolve the case and avoid or reduce costs and fees incurred. Unless good cause is shown, the early neutral evaluation session must be held by the court not later than 90 days after the first responding party appears in a case. *See* LR 16-6(d). The ENE was set within the time required by LR 16-6(d). The case is now less than 60 days from the close of discovery. Under these circumstances, the court concludes that rescheduling the ENE would not accomplish the purpose of the ENE program.

Having reviewed and considered the matter,

**IT IS ORDERED** that sanctions in the amount of $350, representing one hour of reasonable attorney's fees incurred by the defendant for preparing for and attending the ENE at which plaintiff did not appear, are imposed against the plaintiff in favor of defendant.

DATED this 24th day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE