UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH ANORUO,<br><br>Plaintiff,<br>v.<br><br>VALLEY HEALTH SYSTEM, LLC d/b/a SUMMERLIN HOSPITAL AND MEDICAL CENTER,<br><br>Defendant. | Case No. 2:18-cv-00105-MMD-NJK<br><br>ORDER |

## I. SUMMARY

This is an employment discrimination action brought by Joseph Anoruo, a *pro se* plaintiff. Before the Court is Defendant Valley Health System, LLC d/b/a Summerlin Hospital and Medical Center's motion to dismiss ("Defendant's Motion") (ECF No. 3). Plaintiff did not respond to Defendant's Motion but filed an omnibus motion[1] ("Plaintiff's Motion") seeking the following: (1) remand of the action to state court; (2) leave to file an amended complaint (which Plaintiff attached to his Motion); (3) a stay of the entire action including the Early Neutral Evaluation; and, alternatively, (4) an extension of time to respond to Defendant's Motion. (ECF No. 11.) Defendant responded to Plaintiff's Motion (ECF No. 22), and Plaintiff replied (ECF No. 24).[2] For the following reasons, the Court will grant Defendant's Motion in part and deny Plaintiff's Motion as moot.

---

[1] In violation of LR IC 2-2(b), which requires a separate document to be filed for each type of relief requested.

[2] Plaintiff has filed several other miscellaneous motions (ECF Nos. 12, 16, 48) that the Court will deny as moot.

## II. PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff filed a complaint in Nevada's Eighth Judicial District Court against Defendant asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and wrongful termination. (ECF No. 3 at 2.) The state court dismissed these claims without prejudice, and Plaintiff filed a First Amended Complaint ("FAC") asserting additional claims under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Family and Medical Leave Act ("FMLA"). (*Id.*; ECF No. 1-2.) Defendant removed to this Court based on federal question jurisdiction. (ECF No. 1 at 1-2.)

According to the FAC, Plaintiff worked for Defendant as a clinical pharmacist at all times relevant to this action. (ECF No. 1-2 at 6.) Plaintiff describes himself as an African American, Nigerian-born United States citizen. (*Id.* at 3.) In Count 1, Plaintiff alleges that Defendant subjected Plaintiff to disparate treatment on the basis of national origin in violation of Title VII by (1) terminating Plaintiff when he had two consecutive unscheduled absences in violation of workplace policy even though Plaintiff did not violate the policy; (2) relieving him from "every weekend work week to every other weekend;" (3) failing to schedule him for work; (4) terminating him without counseling; and (5) terminating him in violation of the FMLA. (*Id.* at 22-23.) In Count 2, Plaintiff alleges that Defendant interfered with Plaintiff's employment and retaliated against him in violation of the FMLA by, *inter alia*, reducing his work hours, changing his schedule without notice, and terminating him. (*Id.* at 24-26.) In Count 3, Plaintiff alleges that he had an employment contract with Defendant that Defendant breached by, *inter alia*, "terminating Plaintiff without due regard to the policy and process that guides and regulates the employment contract." (*Id.* at 26.) In Count 4, Plaintiff alleges that Defendant also breached the implied covenant of good faith and fair dealing in connection with his employment contract. (*Id.* at 27.) In Count 5, Plaintiff alleges, *inter alia*, that Defendant wrongfully terminated Plaintiff by discharging him for failing to attend work when his presence would have compromised patient safety and healthcare. (*Id.* at 28-29.) In Count 6, labeled "Violation of 14th Amendment – Equal Right Protection," Plaintiff alleges that Defendant "violated stated [sic] act when it

discriminated against complainant in shift assignment, termination without counseling . . . and misleading interpretation of a violation of two consecutively scheduled work shifts which plaintiff did not violate." (*Id.* at 30.)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

///

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## IV. DEFENDANT'S MOTION TO DISMISS (ECF NO. 3)

Defendant moves to dismiss Plaintiff's FAC. The Court will dismiss the claims that ground the Court's federal question jurisdiction and remand the remaining claims to Nevada's Eighth Judicial District Court.

### A. Count 1

Defendant argues that Plaintiff's claim for national origin discrimination is barred for failure to timely exhaust administrative remedies. (ECF No. 3 at 4.) Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("[A] plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim."). Exhaustion requires that the complainant file a timely charge with the EEOC or analogous state agency, thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 2000e–5(e)(1). A plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act. *See id.*; *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999).

///

Here, the date of the last alleged violation appears to be January 21, 2016. (ECF No. 3 at 4 (citing ECF No. 1-2 at 77)).) However, Plaintiff did not file his intake complaint with the Nevada Equal Rights Commission ("NERC") until March 31, 2017, more than 400 days from the date of the last alleged violation. (*Id.* (citing ECF No. 1-2 at 77).)

Accordingly, the Court will dismiss Count 1 for failure to exhaust administrative remedies. The dismissal is with prejudice as amendment would be futile.

**B.     Count 2**

Defendant argues that Plaintiff's claim for discrimination and retaliation in violation of the FMLA is not plausible because Plaintiff did not allege that he was qualified for FMLA leave, applied for FMLA leave, or took FMLA leave. (ECF No. 3 at 5.)

The Ninth Circuit has recognized two distinct claims for violation of the FMLA: interference and retaliation. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011). "To make out a prima facie case of FMLA interference, an employee must establish that '(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Sanders*, 657 F.3d at 778)).

A prima facie case for retaliation requires the plaintiff to show that: (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and adverse action. *See Andreatta v. Eldorado Resorts Corp.*, 214 F. Supp. 3d 943, 956 (D. Nev. 2016) (articulating Title VII retaliation standard); *see also Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011) (noting that other circuits have used some version of the *McDonnell Douglas*[3] burden shifting framework to evaluate FMLA retaliation claims).

///

///

---

[3]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The Court agrees that Plaintiff has not stated a claim for either interference or retaliation because he does not allege that he was qualified for FMLA leave, applied for FMLA leave, or took FMLA leave. Rather, Plaintiff simply alleges that "[t]he employment decision to terminate plaintiff because of the unreported absence of May 17, 2015 while out sick interfered with plaintiff's rights under the FMLA." (ECF No. 1-2 at 25.)

Accordingly, the Court will dismiss Count 2. The Court will not grant leave to amend as amendment would be futile. Even Plaintiff's proposed Second Amended Complaint—filed after Defendant put Plaintiff on notice that his FAC was deficient—does not allege that Plaintiff was qualified for FMLA leave, applied for FMLA leave, or took FMLA leave. (ECF No. 11 at 53-55.)

**C.    Count 6**

Defendant argues that Plaintiff's claim for violation of the Fourteenth Amendment must be dismissed because Plaintiff has failed to allege that his claim is brought under 42 U.S.C. § 1983, which provides a mechanism for the private enforcement of substantive rights conferred by the Constitution. (ECF No. 3 at 10.) The Court agrees that dismissal on this ground is appropriate because private individuals may only enforce rights guaranteed by the Fourteenth Amendment through § 1983; however, Plaintiff has failed to state a claim even under § 1983 because Plaintiff has not alleged facts to show that Defendant—a private actor—was involved in state action.

The Ninth Circuit has identified four different tests for determining when private actors may be involved in a state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). Plaintiff's FAC alleges that Defendant is a state actor because it receives public funding from the government annually. (ECF No. 1-2 at 3.) This allegation, even accepted as true, does not show that Defendant is a state actor under any of these tests. Under the public function test, Defendant would be a state actor if it were "endowed by the State with powers or functions governmental in nature." *Kirtley*,

326 F.3d at 1093. Under the joint action test, Defendant would be a state actor if the state insinuated itself into a position of interdependence with the private entity such that it became a joint participant in the challenged activity. *Id.* Under the compulsion test, Defendant would be a state actor if it acted under the coercive influence or significant encouragement of the state. *Id.* Under the nexus test, Defendant would be a state actor if there were a close nexus between the state and the challenged action. *Id.* Plaintiff's allegation that Defendant receives public funding—the only allegation offered to show that Defendant is a state actor—does not satisfy any of these tests.

Accordingly, the Court will dismiss Count 6. Amendment would be futile because Plaintiff's proposed Second Amended Complaint does not allege any additional facts that would involve Defendant in state action.[4]

**V.  REMAND**

Having dismissed the claims over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims: Count 3 (breach of contract), Count 4 (breach of implied covenant), and Count 5 (wrongful termination). *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). The Court will remand this action to Nevada's Eighth Judicial District Court.

**VI.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

///

---

[4]In fact, Plaintiff's proposed Second Amended Complaint alters Count 6 to allegedly state a claim under the equal protection and due process clauses of the Nevada Constitution (ECF No. 11 at 60), protections that Defendant asserts do not exist under the Nevada Constitution (ECF No. 22 at 6).

It is therefore ordered that Defendants' motion to dismiss (ECF No. 3) is granted as to Counts 1, 2, and 6, which are dismissed with prejudice.

It is further ordered that this action is remanded to Nevada's Eighth Judicial District Court.

It is further ordered that Plaintiff's following motions are denied as moot: motion to amend, stay, and remand (ECF No. 11); motion to strike notice of non-opposition (ECF No. 12); amended motion to strike notice of non-opposition (ECF No. 16); and motion in limine (ECF No. 48).

DATED THIS 21st day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE