UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANORUO, <br><br>  Plaintiff, <br> v. <br><br> VALLEY HEALTH SYSTEM, LLC d/b/a SUMMERLIN HOSPITAL AND MEDICAL CENTER, <br><br>  Defendant. | Case No. 2:18-cv-00105-MMD-NJK <br><br> ORDER |

**I.  SUMMARY**

This is an employment discrimination action brought by Joseph Anoruo, a *pro se* plaintiff, against his alleged former employer, Defendant Valley Health System, LLC d/b/a Summerlin Hospital and Medical Center. Before the Court is Plaintiff's motion for relief from judgment ("Motion") (ECF No. 83).[1] Additionally before the Court is Plaintiff's Third Amended Complaint, filed without leave of the Court. (ECF No. 82.) The Court has reviewed Defendant's responses to both filings. (ECF Nos. 84, 85.) For the following reasons, the Court denies Plaintiff's Motion.

**II.  BACKGROUND**

Plaintiff filed a complaint in Nevada's Eighth Judicial District Court against Defendant asserting claims for breach of contract, breach of implied covenant of good

---

[1] Plaintiff filed a motion for relief from judgment on October 19, 2018 (ECF No. 81), and filed a "corrected" motion on October 22, 2018 (ECF No. 83). The motions appear to be identical, though the attached exhibits differ. The Court considers the "corrected" motion (ECF No. 83) in this order.

faith and fair dealing, and wrongful termination. (ECF No. 3 at 2.) The state court dismissed these claims without prejudice, and Plaintiff filed a First Amended Complaint ("FAC") asserting additional claims under Title VII, 42 U.S.C. § 2000e, *et seq.*, the Family and Medical Leave Act ("FMLA"), and 42 U.S.C. § 1983. (*Id.*; ECF No. 1-2.) Defendant removed to this Court based on federal question jurisdiction. (ECF No. 1 at 1-2.) The Court then dismissed Plaintiff's claims for national origin discrimination, discrimination and retaliation in violation of the FMLA, and violation of the Fourteenth Amendment and remanded the case. (ECF No. 74 at 8.)

## III.	LEGAL STANDARDS

Plaintiff's Motion addresses three orders, two of which were issued by Magistrate Judges: the Court's September 21, 2018 order granting Defendant's motion to dismiss ("Dismissal Order") (ECF No. 74); the Court's September 11, 2018 order granting Defendant's request for reasonable attorney's fees ("Fees Order") (ECF No. 71); and the Court's May 24, 2018 order sanctioning Plaintiff ("Sanctions Order") (ECF No. 39) for failing to appear at an early neutral evaluation ("ENE"). (ECF No. 83 at 1.) The Dismissal Order was issued by District Judge Miranda M. Du; the Fees Order was issued by Magistrate Judge Nancy J. Koppe; and the Sanctions Order was issued by Magistrate Judge Peggy A. Leen. The Court thus construes Plaintiff's Motion as a motion for reconsideration under Fed. R. Civ. P. 60(b) as to the Dismissal Order and as tardy objections to the Fees Order and Sanctions Order under Fed. R. Civ. P. 72(a) and LR IB 3-1(a).

### A.	Legal Standard Applicable to Orders by District Judge

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*

*1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

### B. Legal Standard Applicable to Orders by Magistrate Judges

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV. DISCUSSION

### A. Dismissal Order

In the Dismissal Order, the Court dismissed Plaintiff's first claim for national origin discrimination and sixth claim for violation of his Fourteenth Amendment rights. (ECF No. 74 at 8.) Plaintiff argues that the Court erred in dismissing these claims. (ECF No. 83 at 10-17.)

#### 1. National Origin Discrimination Claim

The Court dismissed Plaintiff's claim for national origin discrimination because Plaintiff failed to exhaust administrative remedies. (ECF No. 74 at 5.) Exhaustion of

3

administrative remedies under Title VII requires plaintiffs to file a charge of discrimination "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999). The Court found that the date of the last alleged violation was January 21, 2016, and that Plaintiff did not file his intake complaint with the Nevada Equal Rights Commission ("NERC") until March 31, 2017, more than 400 days later. (ECF No. 74 at 5.)

Plaintiff now asserts that the last alleged violation occurred on November 18, 2016,[2] when Defendant's internal dispute resolution process concluded. (ECF No. 83 at 10.) But prior to that, Plaintiff "had notice of all the wrongful acts [he] wished to challenge." *Pouncil v. Tilton*, 704 F.3d 568, 578 (9th Cir. 2012) (citation omitted). Thus, Plaintiff is mistaken in his belief that "all the events . . . fix[ing] the alleged liability of the party" did not occur until the internal dispute resolution process concluded. (*See* ECF No. 83 at 10.) Accordingly, the Court does not find good cause to accept Plaintiff's assertion that the last alleged violation occurred on November 18, 2016.

Plaintiff also argues that the exhaustion period should be equitably tolled based on his participation in the internal dispute resolution process. (*Id.*) "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff's participation in the internal dispute resolution process does not constitute an "extraordinary circumstance" that prevented him from filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or NERC. Rather, Plaintiff seems to have misunderstood his legal rights and responsibilities as an alleged target of employment discrimination.

///

///

---

[2]Plaintiff erroneously listed the date as November 18, 2018.

4

1 | Plaintiff further argues that exhaustion was futile because Defendant intentionally delayed the internal dispute resolution process from February 6, 2016, to November 18, 2016. (ECF No. 83 at 11-13.) Plaintiff provides no evidence of Defendant's intent, and a delay in the process—to the extent there was such a delay—is not in itself evidence of futility. Furthermore, while the Ninth Circuit has not decided whether a futility exception should be read into the exhaustion requirements of Title VII, "'bare assertions of futility are insufficient' to demonstrate the existence of a viable futility claim in any event." *Thomas v. McCarthy*, 714 F. App'x 674, 676 (9th Cir. 2017) (quoting *Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995)).

Plaintiff further argues that he is not required to exhaust his administrative remedies because he raises a colorable constitutional claim that is collateral to his employment discrimination claims. (ECF No. 83 at 13.) However, the doctrine on which Plaintiff relies has only been applied to a Medicare exhaustion statute, 42 U.S.C. § 405(g). *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976); *Clarinda Home Health v. Shalala*, 100 F.3d 526, 528 (8th Cir. 1996).

Plaintiff additionally cites to *Walker v. S. Ry. Co.*, 385 U.S. 196 (1966), *amended*, 386 U.S. 988 (1967), but that case involved exhaustion requirements under the Railway Labor Act—not Title VII.

Accordingly, the Court declines to reverse its prior decision dismissing Plaintiff's claim for national origin discrimination.

### 2. Fourteenth Amendment Claim

The Court dismissed Plaintiff's claim for violation of the Fourteenth Amendment because (1) Plaintiff failed to allege that he brought his claim under 42 U.S.C. § 1983 and (2) Plaintiff failed to allege sufficient facts to show that Defendant was a state actor in either his FAC or proposed Second Amended Complaint ("SAC"). (ECF No. 74 at 6-7.)

Plaintiff now argues that the allegations in his proposed SAC would establish that Defendant is a state actor (ECF No. 83 at 15), but Plaintiff does not assert a federal

///

constitutional claim in his SAC. (*See* ECF No. 11 at 60.) Plaintiff cannot rely on allegations in the SAC to support a claim that the SAC itself abandons.

Plaintiff further argues that he did not intend to assert a claim under 42 U.S.C. § 1983. (ECF No. 83 at 16.) But this argument requires the Court to reaffirm its first ground for dismissal—that Plaintiff failed to allege that his claim was brought under 42 U.S.C. § 1983. (*See* ECF No. 74 at 6.)

Accordingly, the Court declines to reverse its prior decision dismissing Plaintiff's sixth claim for relief.

### B. Fees Order

In the Fees Order, Magistrate Judge Nancy J. Koppe granted Defendant's motion to compel discovery[3] (ECF No. 40). (ECF No. 71 at 1.) The Court found that Plaintiff failed to respond to the motion to compel and thereby consented to it being granted under LR 7-2(d). (*Id.*) Plaintiff argues that he in fact responded to the motion to compel in his motion in limine. (ECF No. 83 at 22 (citing ECF No. 48).) However, the portions of the motion in limine that Plaintiff references do not expressly reference the motion to compel discovery, and it would be a stretch to say that they even impliedly reference the motion to compel discovery. (*See* ECF No. 48 at 11, 16.) While pro se pleadings must be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), Plaintiff cannot rely on the Court to draw every possible inference from his filings—Plaintiff must affirmatively and expressly advance any arguments he wishes the Court to consider. Accordingly, the Court does not find that the Fees Order was clearly erroneous.

Plaintiff also mistakenly believes that he is permitted to file omnibus motions because he is proceeding pro se. (ECF No. 83 at 19.) This is not the case. Plaintiff must file a separate document for each type of relief requested or purpose of the document. LR IC 2-2(b). Plaintiff must comply with this rule even though he is proceeding pro se and

---

[3]The Court also granted Defendant's request for reasonable attorney's fees, but attorney's fees were not ultimately awarded. (ECF No. 79.) To the extent Plaintiff requests reconsideration of the Court's initial order granting Defendant's request for attorney's fees, such a request is moot.

filing his papers physically rather than electronically. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . ."); *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir. 1984) (pro se litigants must follow the same rules of procedure that govern other litigants).

Finally, Plaintiff's objection is overruled because it is not timely. The Fees Order issued on September 11, 2018, and Plaintiff had fourteen days from the date of service of the order to file a written objection. Fed. R. Civ. P. 72(a); LR IB 3-1(a). Plaintiff did not file his Motion until October 19, 2018, at the earliest. (ECF No. 81.) "A party may not assign as error a defect in [a magistrate judge's] order not timely objected to." Fed. R. Civ. P. 72.

**C.     Sanctions Order**

In the Sanctions Order, Magistrate Judge Peggy A. Leen imposed sanctions against Plaintiff for $350 representing one hour of reasonable attorney's fees incurred by Defendant for preparing for and attending the ENE at which Plaintiff failed to appear. (ECF No. 39 at 6.)

Plaintiff essentially argues that he should not be subject to sanctions because he requested that the ENE be postponed. (ECF No. 83 at 25.) But Plaintiff's requests to continue the ENE were denied. (ECF No. 39 at 2.) Plaintiff was therefore required to attend the ENE at the scheduled time.

Accordingly, the Court does not find that the Sanctions Order was clearly erroneous. The Court also overrules Plaintiff's objection to the Sanctions Order because it is untimely. The Sanctions Order issued on May 24, 2018, and Plaintiff had fourteen days from the date of service of that order to file a written objection. Fed. R. Civ. P. 72(a); LR IB 3-1(a). Plaintiff did not file his Motion until October 19, 2018, at the earliest. (ECF No. 81.)

**D.     Third Amended Complaint**

Plaintiff filed his Third Amended Complaint on October 19, 2018, without first seeking leave of the Court. (ECF No. 82.) The Court has already denied Plaintiff's motion to file a second amended complaint, and the case has been remanded. (ECF No. 74.) If

1 | Plaintiff wishes to amend his complaint, he may wish to attempt amendment in state court—not this Court. The Court will strike Plaintiff's Third Amended Complaint.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motions for reconsideration (ECF Nos. 81, 83) are denied.

It is further ordered that the Clerk of the Court strike Plaintiff's Third Amended Complaint (ECF No. 82) from the docket.

DATED THIS 9th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE