UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOSEPH ANORUO, | Case No. 2:18-cv-00105-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| VALLEY HEALTH SYSTEM, LLC d/b/a SUMMERLIN HOSPITAL AND MEDICAL CENTER, | |
| Defendant. | |

**I.   SUMMARY**

This is an employment discrimination action brought by Joseph Anoruo, a *pro se* plaintiff, against his alleged former employer, Defendant Valley Health System, LLC d/b/a Summerlin Hospital and Medical Center. Before the Court is Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b) ("Motion"). (ECF No. 88.) The Court has reviewed Defendant's response (ECF No. 89) and Plaintiff's reply (ECF No. 90). For the following reasons, the Court denies Plaintiff's Motion.

**II.   BACKGROUND**

Plaintiff filed a complaint in Nevada's Eighth Judicial District Court against Defendant asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination. (ECF No. 3 at 2.) The state court dismissed these claims without prejudice, and Plaintiff filed a First Amended Complaint ("FAC") asserting additional claims under Title VII, 42 U.S.C. § 2000e, *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and 42 U.S.C. § 1983. (*Id.*; ECF No. 1-2.) Defendant removed to this Court based on federal question jurisdiction. (ECF No. 1 at 1-2.) The Court then dismissed Plaintiff's claims for national origin discrimination in violation of Title VII, discrimination and retaliation in violation of the FMLA, and violation of the Fourteenth Amendment and remanded the case. (ECF No. 74 at 8.) Plaintiff filed a

motion for reconsideration (ECF No. 83), which the Court denied (ECF No. 86 at 8). Plaintiff once again seeks reconsideration.

**III.    LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**IV.    DISCUSSION**

The Court denied Plaintiff's earlier motion for reconsideration. (*See* ECF Nos. 83, 86.) Thus, the claims Plaintiff advanced that gave rise to federal question jurisdiction remain dismissed with prejudice. (*See* ECF No. 74 at 8.) The Court did not resolve Plaintiff's state law claims—the Court remanded them to Nevada's Eighth Judicial District Court. (*Id.*) It is up to that court to decide how to address Plaintiff's state law claims. To the extent Plaintiff disagrees with rulings in the state court, his remedy is to seek relief through the state courts. Plaintiff's motion constitutes a clear attempt "to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288. Accordingly, the Court will deny Plaintiff's Motion.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

///

///

2

It is therefore ordered that Plaintiff's Motion (ECF No. 88) is denied.

DATED THIS 22nd day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE